# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| Armando Aguirre, on behalf of himself and those similarly situated, | ) ) | |
| Plaintiffs, | ) | Case No: 14 C 5899 |
| | ) | |
| v. | ) | |
| | ) | Judge Ronald A. Guzmán |
| P2 Landscaping, Inc. d/b/a The Yard Crew, and Patrick Jones, | ) ) | |
| Defendants. | ) | |

## ORDER

For the reasons stated below, Plaintiff's motion to dismiss P2's counterclaim [15] is denied.

## STATEMENT

In this lawsuit brought pursuant to the Fair Labor Standards Act ("FLSA"), Plaintiff moves to dismiss P2 Landscaping, Inc.'s ("P2") counterclaim alleging breach of fiduciary duty based on Plaintiff's purported solicitation of P2's clients for his own benefit. Plaintiff moves to dismiss the counterclaim for lack of subject matter jurisdiction and under Federal Rule of Civil Procedure ("Rule") 12(b)(6) for failure to state a claim. For the reasons stated below, the motion to dismiss is denied.

Plaintiff alleges that he worked off the clock cleaning and preparing equipment and overtime without pay in violation of the FLSA. (Compl., ¶ 16.) P2 alleges that during Plaintiff's employment with P2, he would tender personal business cards and solicit work from the owners/occupants of residential homes in the neighborhoods where he was doing work for P2 and would leave his P2 assignment and crew in order to engage in those solicitations. (Counterclaim, ¶ 5.)

Under the Court's supplemental jurisdiction, *see* 28 U.S.C. § 1367(a), the state and federal claims must "derive from a common nucleus of operative facts," and "[a] loose factual connection between the claims is generally sufficient" to support the assertion of supplemental jurisdiction. *Baer v. First Options*, 72 F.3d 1294, 1299 (7th Cir. 1995). "The rationale of the supplemental jurisdiction is economy in litigation." *Williams Elecs. Games, Inc. v. Garrity*, 479 F.3d 904, 906 (7th Cir. 2007).

Here, the overlap in facts between the two claims is obvious. In order for Plaintiff to succeed on his FLSA claim, he will need to establish that (1) he performed uncompensated work and (2) P2 had "actual or constructive knowledge" of that overtime work. *See* 29 U.S.C. § 207(a)(1); *Kellar v. Summit Seating, Inc.*, 664 F.3d 169, 177 (7th Cir. 2011). In order to ascertain whether an FLSA violation occurred (*i.e.*, whether Plaintiff worked uncompensated hours, including overtime), the number of hours he actually performed work for P2 will need to be determined. This calculation will necessarily be affected by whether Plaintiff solicited business for himself when he should have been doing work for P2 (*i.e.*, breached his fiduciary duty). Thus, whether and for how many hours he was actually soliciting clients during his P2 work hours will need to be determined under both causes of action. The Court concludes that a loose factual connection exists between the claims and that litigating them together will result in an efficient use of judicial and party resources.

Plaintiff's contention that supplemental jurisdiction is improper here because P2's allegations and request for damages will require additional discovery that will "take on a life of its own" is not persuasive. Depositions may be slightly longer and some additional documents may need to be produced in order to deal with the damages aspect of the breach of fiduciary duty

claim, but the Court does not find that the breach of fiduciary duty claim substantially predominates over the FLSA claim such that the Court should decline to exercise supplemental jurisdiction. *See* 28 U.S.C. § 1367 ("[D]istrict courts may decline to exercise supplemental jurisdiction over a claim under [28 U.S.C. § 1367(a) ] if: . . . (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction . . . ."). *See Rivera v. Ndola Pharmacy Corp.*, 497 F. Supp. 2d 381, 393 (E.D.N.Y. 2007) ("Plaintiff's sexual harassment claim is intricately connected to her FLSA overtime claim because it is directly linked to her allegations that her wages were $500 per week.").

Plaintiff's reference to cases that have not allowed counterclaims for contribution, indemnification or set-off in FLSA cases is unavailing as P2 does not allege those claims. Finally, while Plaintiff is suing on behalf of a putative class and the breach of fiduciary duty counterclaim is alleged against only Plaintiff, no class has yet been certified. If one is, the Court may revisit the issue of whether, in its discretion, it is appropriate to exercise supplemental jurisdiction over the breach of fiduciary duty claim.

Plaintiff's motion to dismiss the counterclaim for failure to state a claim under Rule12(b)(6) is also denied. Plaintiff raised the issue for the first time in his reply brief, so the Court will not consider the argument. *Dexia Credit Local v. Rogan*, 629 F.3d 612, 625 (7th Cir. 2010) ("[A]rguments raised for the first time in a reply brief are waived.").

**Date**: February 10, 2015

_____

**United States District Judge**
**Ronald A. Guzmán**